# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

JENNIFER HAMEN, *et al.*,

    *Plaintiffs*,

v.

ISLAMIC REPUBLIC OF IRAN, *et al.*,

    *Defendants*.

Civil No. 16-1394 (RDM)

## MEMORANDUM OPINION AND ORDER

Plaintiffs, the estate of John Hamen, Mark McAlister, and eleven of their family members, bring this action against Defendants, the Islamic Republic of Iran and the Syrian Arab Republic, under the Foreign Sovereign Immunities Act and Virginia law. Plaintiffs allege that Hamen and McAlister were taken hostage from the Sana'a airport in Yemen by the Houthis, a rebel group, and that members of the group subsequently detained and tortured both men, killing Hamen after eighteen days and releasing McAlister after six months. Dkt. 1 at 13–16 (Compl. ¶¶ 65, 70–75, 78–84). Plaintiffs allege that Iran and Syria are responsible because they provided material support to the Houthis and because the violence against McAlister and Hamen was a foreseeable result of that support. *Id.* at 16–17 (Compl. ¶¶ 91–98).

Plaintiffs have effected service on the Islamic Republic of Iran, Dkt. 25, but Iran has not answered, filed a motion under Federal Rule of Civil Procedure 12, or otherwise appeared. The Syrian Arab Republic has not yet been served. Plaintiffs have moved for a default judgment against the Islamic Republic of Iran, Dkt. 31, and an evidentiary hearing is scheduled before the Court on July 25–26, 2018.

Before the Court is Plaintiffs' motion for leave for a witness to testify under seal. Dkt. 34. Plaintiffs explain that the witness "will provide valuable testimony . . . supporting Plaintiffs' claims that Mr. McAlister and Mr. Hamen were taken hostage" by explaining "the Houthis' mode of operation for handling detained Americans." *Id.* at 1. However, because the witness "works on government contracts based in Yemen and Syria that require him to visit those countries," the witness "believes his safety would be put at risk if his testimony were made part of the public record, particularly since he has already been detained once in Yemen." *Id.*

For the reasons set forth below, the Court will **GRANT** the motion.

## I. ANALYSIS

"[T]he starting point in considering a motion to seal court records is a 'strong presumption in favor of public access to judicial proceedings.'" *EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (quoting *Johnson v. Greater Se. Cmty. Hosp. Corp.*, 951 F.2d 1268, 1277 (D.C. Cir. 1991)). That presumption recognizes that "[t]he right of public access is a fundamental element of the rule of law, important to maintaining the integrity and legitimacy of an independent Judicial Branch." *Metlife, Inc. v. Fin. Stability Oversight Council*, 865 F.3d 661, 663 (D.C. Cir. 2017). It "promote[s] trustworthiness of the judicial process, . . . curb[s] judicial abuses, and . . . provide[s] the public with a more complete understanding of the judicial system, including a better perception of fairness." *In re Application of Jason Leopold to Unseal Certain Elec. Surveillance Applications & Orders*, 300 F. Supp. 3d 61, 80 (D.D.C. 2018) (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014)). Although the presumption is a "strong" one, it is "not absolute," *id.*, and it "may be outweighed in certain cases by competing interests," *Metlife*, 865 F.3d at 665.

To assist courts in assessing whether the presumption gives way, the D.C. Circuit established a six-factor test in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). That test—the "*Hubbard* test"—requires that courts weigh:

> (1) the need for public access to the documents at issue; (2) the extent of previous public access to the documents; (3) the fact that someone has objected to disclosure, and the identity of that person; (4) the strength of any property and privacy interests asserted; (5) the possibility of prejudice to those opposing disclosure; and (6) the purposes for which the documents were introduced during the judicial proceedings.

*Nat'l Children's Ctr.*, 98 F.3d at 1409 (citing *Hubbard*, 650 F.2d at 317–22). Applying this test, the Court concludes that safety and privacy interests outweigh any public interest in access to the witness's testimony.

1. *Need for Public Access*

As the D.C. Circuit recognized in *Hubbard*, not all judicial records and proceedings are created equal. 650 F.2d at 317. In some circumstances, such as "the courtroom conduct of a criminal trial," the First Amendment requires public access. *Id.* In others, the common law may place a premium on public access. *Id.* And, in still others, the public interest in access may be minimal. *Id.* Although no precise formula controls in all cases, the public interest is heightened when disclosure would "allow the public to understand the rulings as well as the contours of the disputes between the parties." *Hyatt v. Lee*, 251 F. Supp. 3d 181, 184 (D.D.C. 2017).

According to Plaintiffs, the witness will provide "valuable testimony to the Court . . . by helping to establish the Houthis' mode of operation for handling detained Americans." Dkt. 34 at 1. Because this testimony may affect the Court's decisionmaking process in this case, the first *Hubbard* factor weighs in favor of disclosure.

3

2. *Extent of Previous Public Access*

The second factor—"the extent of previous public access"—weighs against disclosure. Plaintiffs have represented that the witness "has not previously testified publicly (or otherwise) with respect to the matters now before [the] Court." Dkt. 38 at 1.

3. *Objection to Disclosure*

The Court must also take into account "the fact that someone has objected to disclosure, and the identity of that person." *Nat'l Children's Ctr.*, 98 F.3d at 1409. Plaintiffs have moved to seal the witness's testimony, *see* Dkt. 34, and they explain that, although the witness is "willing to testify in this case, he believes that his safety would be put at risk if his testimony were made part of the public record," *id.* at 1. Although Plaintiffs filed this motion on the public docket, no party or third party has opposed the motion. This factor weighs against disclosure.

4. *Strength of Privacy Interests*

The fourth *Hubbard* factor requires that the Court "assess the strength of any property or privacy interests voiced by the moving party." *United States v. Harris*, 204 F. Supp. 3d 10, 17 (D.D.C. 2016) (quoting *U.S. ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 68 (D.D.C. 2011)). "[U]nder this factor, the party seeking to avoid disclosure must identify specific privacy interests in the documents at issue." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 94 (D.D.C. 2014). Plaintiffs have done so here, and the privacy interests at stake are compelling. If the witness's name and testimony are made public, and he travels to Yemen or Syria—as his work requires him to do—his safety will be at risk. Given the gravity of harm that could result if the witness's identity and testimony are made public, this factor weighs strongly in favor of sealing the witness's testimony.

4

5. *Possibility of Prejudice*

The fifth *Hubbard* factor considers whether disclosure is likely to prejudice the party opposing disclosure. *Nat'l Children's Ctr.*, 98 F.3d at 1409. It is unclear whether the witness would be prepared to testify on the open record and, if so, whether his testimony would be tempered by concerns about his personal safety. Thus, this factor weighs, if at all, against disclosure.

6. *Purpose of the Information*

The final factor requires the Court to consider "the purpose for which the documents [or information] in question were introduced." *Harris*, 204 F. Supp. 3d at 17. "The more relevant a pleading is to the central claims of the litigation, the stronger the presumption of unsealing the pleading becomes." *Id.* at 17–18. This factor "focuses on the [movant's] purpose of filing his pleadings and nothing further." *Durham*, 818 F. Supp. 2d at 69 (emphasis omitted). Because the witness's testimony may inform the Court's decision, this factor weighs in favor of disclosure. At the same time, however, it appears unlikely that the testimony is essential to Plaintiffs' case, and thus the public interest in disclosure is not at its zenith.

\* \* \*

Weighing each of these factors, and given the risk to the witness's safety if his identity and testimony are made public, the Court concludes that his interest in privacy substantially outweighs any interest in public disclosure of the witness's testimony.

## CONCLUSION

For the reasons set forth above, it is hereby **ORDERED** that Plaintiffs' motion for leave for witness to testify under seal, Dkt. 34, is **GRANTED**. It is further

**ORDERED** that Plaintiffs shall redact the witness's name from their publically filed witness list; and it is further

**ORDERED** that Plaintiffs shall file an unredacted version of their witness list under seal.

**SO ORDERED**.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: July 18, 2018